On the trial the plaintiff produced in evidence a judgment (564) quando acciderint in Johnston County court, May Term, 1817, in favor of the present plaintiff, against John Sanders as executor of Ellick Sanders for $127.31. To prove a devastavit he then offered the inventory returned by John Sanders as executor at November Term, 1815, wherein he made a list of several promissory notes due Ellick Sanders, as being in his hands, and among them the note of one Davis, due in 1811, on which there remained due 77l. 10s., and at the bottom of the inventory were these words: "The above notes are considered desperate, and I will only be charged with them if collected."
Plaintiff then proved that Davis was solvent, and it also appeared that he resided in Columbia, South Carolina, and had there resided some time before the death of Ellick Sanders. It was also in evidence that John Sanders had twice sent the note to South Carolina and requested payment of it from Davis, who refused, assigning as a reason the want of money.
Defendant offered in evidence judgments quando, obtained by different plaintiffs against John Sanders as executor of Ellick Sanders, at August sessions, 1816, of Johnston County court, to the amount of $1,000 and upwards; none of which, however, had been paid, nor had any process been sued out on them by the plaintiffs therein.
For the plaintiff it was contended that the executor of Ellick Sanders had been guilty of a devastavit so as to charge him in this action by not suing for and recovering the amount of the note of Davis. On this point the court charged that an executor, qualified to a will in this State, is not bound, nor can he bring suit for money due his testator beyond its limits and jurisdiction, and further, that an executor named in a will, by proving the same here and taking out letters testamentary creates thereby no legal obligation on himself to take out letters *Page 303 
testamentary in another State, so as to recover by suit money (565) due his testator in that State, though he may do so, and he may receive the money without suit, and give a discharge of the debt, when it will become assets with which he is chargeable.
The plaintiff submitted to a nonsuit and, a new trial having been refused, appealed.
I think an executor ought to use the same diligence in collecting the debts of his testator as he would use in collecting his own, provided he is a man commonly careful and diligent in the management of his own affairs, and this without regard to the consideration whether the debtor lives in one State or another. All the personal estate of the testator, wherever it is, belongs to the executor. 6 Co., 47. And he ought to use ordinary diligence to collect it. 2 Brown, 186, Bac. Ab., Executor, B. 2. Perhaps to collect a small debt in a distant State would cost more than the amount of the debt; but every case must depend upon its own circumstances. Procuring letters testamentary in another State is not of itself a decisive objection. As the jury were otherwise informed, I think there should be a new trial.
Another objection is made in this Court, and that is to the action being revived against the administrator of John Sanders. Arnold v.Lanier, 4 N.C. 143, decides this case. That was an action of deceit, brought against an executor for the deceit of the testator in selling an unsound slave. Judge Seawell delivered the opinion of the Court as follows: The act of 1799 declares that no action of detinue or trover, or action of trespass, where property, either personal or real, is in contest, and such action of trespass is not merely vindictive, shall abate by the death of either party. This is an action of trespass, though notvi et armis, and the passions and feelings have no concern; it is in fact to recover for an act done by the defendant's testator, (566) whereby he has been made richer and the present plaintiff poorer; wherefore, we are all of opinion that the plaintiff is entitled to judgment. The same remark is applicable to the present case. I, therefore, think this objection not a good one.