Ruffin, C.
 
 S.
 

 The defendant’s objection, that the ad-
 
 *154
 
 ministratrix was accountable in Virginia, the domicil of the for the whole estate, is not presented by the case, as it comes up ; inasmuch as judgment was given for the relator’s share of the assets in North Carolina, and the defendants did not appeal. It would, therefore, be improper to give an opinion on that point.
 

 On the other point we think the decision right. Our law intends only to secure the assets, of which it commits administration ; and the bond given here must, accordingly, be construed as obliging the administratrix and the sureties to account to the Court of North Carolina for the assets received, or that might have been received, by virtue of
 
 the
 
 office conferred here. An administration granted in this State, although general in its terms, is necessarily limited to the effects in this State, and gives no authority to administer goods in another government; especially when the domicil of the intestate was abroad. An administrator does not, in this respect, stand on the footing of an executor, who takes probate here of a will of one resident here, as determined in
 
 Helme
 
 v
 
 Sanders,
 
 3 Hawks 563; who undertakes the duty of collecting the effects, wherever they may be, and whose authority is derived from the will and not merely by act of law. But it is otherwise with an administrator ; for at common law, each Bishop or Arch-Bishop could grant administration of such goods only as were within his jurisdiction. And in
 
 Raymond
 
 v Watteville, 2 Lee’s
 
 Ex. Rep.
 
 551, Sir George Lee held, upon the authority of previous cases, that, where the same person was the representative in both counties, the Prerogative Court of Canterbury had no jurisdiction over German effects, and could not require an inventory of them, nor,, indeed, of those lying in the province of York or in Ireland. Of course then, it can be no breach of the administration bond not to return an inventory of such goods, or otherwise account for them here. No doubt an administrator may be compelled to account in a Court of Equity, where he may be found; to those entitled to the estate, wherever it may be situate; but that is on the ground of a personal trust, and it is no matter where it was
 
 *155
 
 assumed. But that is a different question from that before ns; which depends on the consideration that the ad ministration here conferred authority to administer the goods here, and none other; and, therefore, that for the due administration of those goods only is the administration bond a security.
 

 Per Curiam. Judgment affirmed.