Battle, J.
 

 Upon the admission in the answers of the defendants, Jones and Black, that the bond has not been paid, and the proof, that it is lost or destroyed, and that the latter has paid the full amount of it to Boyd, the
 
 *199
 
 plaintiff Carter is clearly entitled to a decree against the defendants, unless their objections that Carter was an officious intermeddler, and for that reason not entitled to relief, and to the bill on account of Boyd’s being a party plaintiff, can avail them ; for the other objections are clearly untenable. The jurisdiction of the Court of Equity to give relief in the case of lost bonds, is now too well established ever to be called in question,
 
 Allen
 
 v.
 
 State Bank,
 
 1 Dev. & Bat. Eq. 3.
 
 Dumas
 
 v.
 
 Powell.
 
 2 Dev. & Bat. Eq. 122. It is equally well settled that the delay merely, by the creditor, to sue the principal debtor does not discharge the surety.
 
 Cooper
 
 v.
 
 Wilcox, 2
 
 Dev. & Bat. 90.
 
 Pipkin
 
 v.
 
 Bond,
 
 5 Ire. Eq. 91. The recovery by Boyd against Carter, in the County Court of Wythe, on his guaranty, has not been proved to have beeir obtained by negligence or fraud, as alleged, and as it was obtained in a Court of competent jurisdiction, it must be presumed to have been regular and proper. But it is said that Carter was an officious inter-meddler, and on that account, can have no claim to the interference of a Court of Equity. It is true that he paid the amount of the bond to Boyd without any request, express or implied, from the defendants, Jones and Black, or either of them. He could not then have re • covered at law, as was decided in a suit at law brought by him against
 
 them, Carter
 
 v.
 
 Black,
 
 4 Dev. & Bat. 425. But in this Court the plaintiff Carter stands in a very different situation. He is not suing here for money paid for the use of the defendants at their request. He became bound on the bond, at the instance of the plaintiff Boyd, and the defendant Smith, and, having paid the amount of it to Boyd, he claims as an equitable purchaser of it, and seeks here to recover on it as lost, in the same manner as Boyd might do. The bond has not been extinguished by Boyd’s recovery against Carter, as is expressly said in the case at law. See
 
 Carter
 
 v.
 
 Black, ubi
 
 supra.
 

 
 *200
 
 We can see no reason therefore, why he should be denied this relief.
 

 The objection that Boyd is improperly joined, as a party plaintiff,remains to be considered. It is said thathe has no interest, that he can have no decree in his favour,and that, therefore, he has been improperly made a party plaintiff. From what has been before said, in considering the objection, that Carter was an officious intermedler, it is
 
 to be
 
 deduced, that Boyd must he regarded here, as bound to assign the bond to Carter. If that be so, and we think it is, then the case of
 
 Ryan
 
 v.
 
 Anderson
 
 3 Madd. Rep. 175, is an authority directly in point; for it was there held that an assignor and an assignee might sue together for satisfaction of a debt. See also
 
 Galv. on parties in Equity
 
 240.
 
 Story's Eq. Pl.
 
 sec. 153. Boyd and Carter may likewise be regarded as standing towards each other, in the relation of trustee and
 
 cestui que trust;
 
 Boyd having the legal, and Carter the equitable, interest in the bond. Viewing them in this light, they are both necessary parties, Carter as entitled to a decree for the amount of the bond, and' Boyd in order that his legal interest may be bound by the decree.
 
 Story's Eq. Pl.
 
 sec. 153. And they may both be made parties plaintiff.
 
 Thompson
 
 v.
 
 McDonald,
 
 2 Dev. & Bat. Eq. 463 It must be referred to the Clerk and Master to ascertain the amount due on the bond mentioned in the pleadings, for principal and interest, for the payment of which the plaintiff Carter is. entitled to a decree, upon executing a proper indemnity.
 

 Pan Curiam.
 

 Decree accordingly.