Nash, J.
 

 The bill is filed for an account against the defendant, N. T. Jones, as administrator of Hardy Jones and David Jones. Hardy Jones, in his lifetime, sent a parcel of negroes to the State of Alabama, by his son, the defendant, David T Jones, to hire out. Hardy Jones died intestate, and N. T. Jones is his administrator. The plaintiffs and defendants are his next of kin. The slaves were after-wards taken into possession by the administrator, and the estate settled and duly distributed, except the claim against the defendant, D. T. Jones, for the hire of the negroes while in his possession. David Jones came to this State and received from the administrator his proper proportion of the estate of his father, without any deduction, or being called to account for'his advancements. The plaintiffs are entitled to a decree for an account of the hires of the ne-groes. This account is claimed by the plaintiffs on two grounds. The first is, that it was the duty of the administrator to have gone to Alabama and taken out letters of administration there, and collected what was due from the defendant, D. T. Jones: and second, because he paid over to D. T. Jones his distributive share, without retaining what was due from him to the estate. The first ground is untenable. An administrator is, by virtue of his appointment, bound to collect all the personal assets of the intestate which are within the State, because his letters of administration are co-extensive with the State ; but he cannot, by force of them, collect the assets in another State, and is under no legal obligation to procure administration out of the State.
 
 Plummer
 
 v. Brandon, 5 Ire. Eq. 190; Con.
 
 *248
 
 Rep. 68.;
 
 Governor vs. Williams,
 
 3 Ired. 153;
 
 Morrell vs. Dickey,
 
 1 John. C. R. 186.
 

 The agreement between the father and son was, if the latter would take slaves to Alabama, and hire them out, the former would give the latter one-half the proceeds; and allow him his board and schooling for one
 
 year.
 
 The number of the negroes was twelve; and the defendant, David Jones, at that time resided in the State of Alabama. It is proved that the slaves were hired out by David for the sum of twelve hundred dollars, and notes taken from the hirers. This transaction between the father and son cannot be looked upon in the light of a contract, properly speaking: but as a donation made by the former to the latter, of so much money, to settle or assist him in life. The sum of six hundred dollars was too large, and
 
 shows, we
 
 think,
 
 the
 
 true character of the transaction. This case bears a strong analogy to the case of
 
 Hanner
 
 vs.
 
 Winburn,
 
 7 Ired. Eq. 142. In the latter case, the father, Nathan Armfield, put into the possession of his son, John, a negro, not as an advancement, but as a loan. The slave was kept by John several years during the life of the father; and upon his death, a question arose in what light he was to be considered. The Court decided that the slave was not an advancement, but the hires, which were in the hands of John, and had never been demanded by the father, were. I do not say this case decides the case now before us, but it bears upon it, and aids in its decision. David’s estate was increased by his portion of these hires, for it was a donation : and the remainder of the hires reserved to the testator, and never claimed by him, was also so much of the personal estate in his hands, and for which he was bound to account, on the settlement of the estate. It is admitted in the pleadings, that the defendant, David, has never settled with, or paid over to, the defendant, N. T. Jones, the administrator of Hardy Jones, any portion of these hires;
 
 *249
 
 nor has the administrator ever settled with the plaintiffs for the same : but that he has duly paid over to the plaintiffs all their portion of the other personal property of Hardy Jones. Hardy Jones died in 1837; and, at the August Term of the Court oí Pleas and Quarter Sessions of Johnston couDty, in the same year, the defendant, N. T. Jones was appointed his administrator. In 1842 or ’3, a division was made, among those entitled to it, of the personal property of the intestate which was in this State; at which time the defendant, David Jones, was present and received his portion, without accounting for the hires of the negroes received, or to be received, by him, in Alabama. Nor was any attempt made, by the defendant, N. T. Jones, to hold him to an account. We hold, that it was the duty of the administrator to withhold from David Jones his portion of the estate of his intestate, until he had fully accounted for all the advancements made him, and the property of the estate in his hands; and that, in failing to do so, he has subjected himself to the claims of the plaintiffs to their full respective portions of said advancements; to which, alone, ■the plaintiffs admit their present claim extends. It is re-fered to the Master to ascertain the amount of the said advancements and the other fund. Although David Jones was of age, such reasonable sum as he expended in his maintenance and education, under the direction of his_fa-ther, is not to be charged to him, as they are not an advancement.
 

 It must be referred to the Clerk.
 

 PER CURIAM. Ordered accordingly.