\* W. H. WILLIAMS and others v. ALEXANDER and GREEN WIL-
LIAMS, Adm'rs.

### *Administrators—Negligence.*

.As a legal proposition, it is not the duty of an administrator here to
take out letters of administration in another State in all cases where
a debt there, may be due the intestate; but his duties, as those of
.all other trustees, must be· determined by the exigencies of each
.case; and where no attempt of any kind was made to collect a bond
on a solvent non-resident living in an adjoining county in Virginia
·about a day's journey, by private conveyance, from the residence of
the administrator, and where no excuse except the non-residence of
the debtor is given for such delinquency by the administrator, he is
guilty of such negligence as will render him liable for the uncol-
lected portion of the debt.

·(*Helme* v. *Saunders,* 3 Hawks 563; *Plummer* v *Brandon,* 5 Ire. Eq. 190;
*Governor* v. *Williams,* 3 Ire. 152; *Sanders* v. *Jones,* 8 Ire. Eq. 246;
*Riddick* v. *Moore,* 65 N. C. 382; *Abrams* v. *Cureton,* 74 N. C. 523,
cited, commented on and approved.)

---

\*Smith C. J. and Reade J. did not sit on the hearing of this case.
27

SPECIAL PROCEEDING heard on appeal at Fall Term, 1877, of PERSON Superior Court, before *Buxton, J.*

The facts necessary to an understanding of the points decided are embodied in the opinion of this Court.

*Messrs. Merrimon, Fuller & Ashe,* for plaintiff.
*Mr. L. C. Edwards,* for defendant.

BYNUM, J. This was a special proceeding begun in the Probate Court of Person county by the next of kin and distributees of Haywood Williams deceased against the administrators of the estate for an account and settlement. It was referred to John W. Cunningham, Esq., to take and state the account, and the case comes up upon the ruling of His Honor below, upon exceptions to the report of the referee, taken by the defendants.

*First Exception:* The referee charged the defendants with the sum of $8,217.99 principal money, being a balance on account of bonds turned over to them by G. D. Satterfield, surviving partner of Satterfield & Williams. It was alleged by the plaintiffs that the firm of Satterfield & Williams was indebted to the intestate in the sum of $18,360.06 and that the defendants, instead of collecting the money, received in satisfaction of the debt $18,360.06 in bonds and notes, of which $10,142.07 has been collected, leaving the above allowed balance of $8,217.99 uncollected. It was denied by the defendants that they received the notes and bonds in satisfaction of the debt, and it was alleged by them that they received the said evidences of debt, as the agents of the surviving partner of the company, to aid him in collecting, and to apply in extinguishment of the debt, so much thereof as they could collect. Upon this issue each party produced evidence before the referee, and his finding thereon was as above indicated. This finding was affirmed by the Judge on appeal and the exception

disallowed. We have reviewed the evidence and are satisfied, as the referee and Judge were, that the administrators received the notes and bonds in discharge of the debt, and are properly chargeable with the sum of $8,217.99 principal, with interest thereon as reported by the referee. This exception is therefore disallowed.

*Second Exception:* The referee charged the defendants with the sum of $809 and interest on account of an uncollected note due the estate of the intestate by William & James Robertson. Upon this exception the facts found, are, that there came into the hands of the administrators a bond for $1088 belonging to their intestate, Haywood Williams, which he derived by the sale of a tract of land to William Robertson. On this bond, the said William was principal, and his father, James Robertson, was surety. At the death of the intestate the principal was insolvent, but the surety was good, though he resided in Halifax county, Virginia, and remained solvent until the emancipation of the slaves. The administrators obtained judgment against William Robertson and sold the land for which the note was given for $271.00, but made no effort to collect the debt out of the surety in Virginia. The referee charged the administrators with the uncollected balance of the note, but upon appeal the Judge disallowed this charge, upon the ground that the debtor being a nonresident, though solvent, in law the administrators were not chargeable; and he allowed this exception. This was error.

An administrator is certainly bound to as much diligence in collecting the assets of his intestate which came to his hands in this State, as a prudent and careful person would exercise in the management of his own business, and this, whether the debtor lives in one State or another. Mere non-residence of the debtor, of itself, is not a discharge from liability; and that is all that is here alleged in ex-

cuse. Geographically, we know that Halifax, Virginia, is an adjoining county to Person, the residence of the administrators, and but a short distance off; yet the bond was not even presented for payment, to the only solvent obligor, and no attempt of any kind was made to collect the debt from him. It is not alleged that the debt could not be collected without suit. If it could have been collected without suit, it was the duty of the administrators to collect it. Supposing it could not be so collected, it is not alleged that the defendants tried, or were unable to give bond and take out letters of administration in Virginia. It is no defence to say, it was as much the duty of one of the next of kin to administer in Halifax, Virginia, as of the defendants. It does not appear that the next of kin knew of the existence of the bond, and there is no evidence that it was tendered to them for that purpose.

Whether administrators in this State should take out letters of administration, or try to do so, in the State of a non-resident debtor, must depend upon the circumstances of each case. In *Helme* v. *Saunders*, 3 Hawks, 563, it was held to be the duty of an executor in this State to take out letters testamentary in another State, for the purpose of suing for a debt due there, if the interests of the estate which he represented required it; and in determining this latter point, the magnitude of the debt, the solvency of the debtor, the distance and probable expense, were to be considered. An omission to do so when necessary, was held to be a *dcvastavit.*

The same rule of diligence and good faith applies to administrators as to executors, notwithstanding the somewhat fanciful, rather than reasonable distinction, which has sometimes been drawn between the duties of executors and administrators in this respect. In point of fact, we know, that the will of a resident of one State will not be admitted to probate and letters testamentary be granted in another

State, unless the executor will give there, an administration bond, just as administrators are required to do. So that there can ordinarily be no more difficulty in the way of an administrator collecting a debt of the intestate in another State, than of an executor.

*Plummer* v. *Brandon,* 5 Ire., Eq. 199; *Governor* v. *Williams,* 3 Ire., 152;. and *Saunders* v. *Jones,* 8 Ire., Eq., 246, have been cited as opposed to our decision in this case, but they are not so. The bond in question came into the hands of the administrators as a part of the intestate's assets here, at the place of his domicil. The legal title to it was vested in the administrators, and imposed upon them a trust, which could be discharged only by reasonable diligence and discretion in collecting and disposing of the effects of the estate. Their endorsement would have conveyed the legal title to the endorsee, either for the purpose of collection for the estate, or for the benefit of the purchaser (*Riddick* v. *Moore,* 65 N. C., 382) as it came into their hands long prior to the adoption of the Code, and its exposition in the case of *Abrams* v. *Cureton,* 74 N. C., 523, as to the right of an assignee to bring a suit in his own name.

As a legal proposition, it is not the duty of an administrator here, to take out letters of administration in another State, in all cases, where a debt there may be due the intestate; but his duties, as those of other trustees, must be determined by the exigencies of each case. As no attempt of any kind was made to collect this bond on the solvent non-resident, although he resided in an adjoining county in Virginia, probably not more than a day's journey by private conveyance, and as no excuse other than his non-residence has been given for the delinquency, the administrators are chargeable for so much of the bond as is uncollected.

The last exception which we have been discussing comes before us on the appeal of the plaintiffs, and more properly

should be disposed of in the next case between the same parties, but we have found it most convenient to decide it in connection with the exception of the defendants hereinbefore disposed of.

His Honor erred in allowing the last exception; and in that he is reversed. The report of the referee is confirmed in all things, and judgment will be rendered here accordingly.

Error.

PER CURIAM.                         Judgment accordingly.


NOTE.—In a case between the same parties at this term :—


BYNUM, J. This case is the appeal of the plaintiffs to the ruling of the Court below allowing an exception taken by the defendants to the report of the referee to take and state an account of the estate of Haywood Williams deceased which went into the hands of the defendants. The referee charges the administrators with the uncollected balance of a note of $1088 which the intestate held upon William and James Robertson, upon exception by the defendants. His Honor below allowed the exception and the plaintiffs appealed to this Court. We have discussed and passed upon this exception in the other branch of this case at the present term of the Court and for the reasons there stated we disallow the exception and confirm the report of the referee. His Honor erred in allowing it, and his judgment thereon is reversed and judgement is here given according to the report.

Error.                    .                    Reversed.