## SMITH v. SOUTHERN RAILWAY CO.

(Filed December 17, 1901.)

1. NEGLIGENCE—*Complaint—Demurrer.*

A complaint alleging that the person injured was ordered by the railroad company to unload freight from a car and while doing so, the car was put in motion, and the person injured in attempting to escape from the moving car, states facts sufficient to constitute a cause of action.

2. CONTRIBUTORY NEGLIGENCE — *Complaint —Demurrer —Answer.*

The question of contributory negligence can not be raised by demurrer.

3. CONTRIBUTORY NEGLIGENCE—*Questions for Jury—Questions for Court.*

Under the facts set out in the complaint in this case, it is a question for the jury whether the person injured was guilty of contributory negligence.

Cook, J., dissenting.

ACTION by J. F. Smith against the Southern Railway

Company, heard by Judge *W. B. Council,* at May Term, 1901, of the Superior Court of ALAMANCE County. From judgment for the defendant, the plaintiff appealed.

*C. E. McLean,* for the plaintiff.
*F. H. Busbee,* and *A. B. Andrews, Jr.,* for the defendant.

MONTGOMERY, J.   The effect of the demurrer is the admission of the facts stated in the complaint and in the light most favorable to the plaintiff.   The plaintiff, an employee of the Elmira Cotton Mills Compnay, went to the depot and warehouse of the defendant, in Burlington, with the team of the Cotton Mills Company, for the purpose of receiving a consignment of goods belonging to his employer. He was told by the defendant's agent at the depot to get the goods from a car which was detached from the engine, and from other cars, and standing on a siding next to the platform of the freight depot.   While so employed, he suddenly, no notice having been given him, discovered that the car was in motion, and in looking out saw that the car was attached to a train of cars and an engine and moving, and to prevent his being carried off he stepped, while the train was slowly moving, upon the platform, a space of about fourteen inches, and in so doing his leg was broken.

The negligence which the plaintiff charges upon the defendant is the moving of the car in the manner described by the defendant without first having given notice of its intention to do so to the plaintiff, and after having directed him to enter the car for the purpose and under the circumstances alleged in the complaint.

We think that his Honor committed error in sustaining the demurrer.   The defendant owed the plaintiff, under the facts of this case, as shown by the complaint and the demurrer, the duty to make him as secure from harm while he was un-

loading the freight from the car as if the goods had been in the warehouse. Probably it was a saving of labor and expense in having the goods unloaded from the car. The defendant owed to the plaintiff, under the circumstances, the duty not only to protect him from harm to his person, but to protect him from anxiety and dread concerning his own personal comfort and the safety protection of his team. Owing him, then, this duty, they should have notified him of their intention to move the car, so that he could have gotten out without harm to himself, or anxiety or dread concerning his personal comfort and the safety of his team.

The injury can not be regarded as the result of an unavoidable accident. It was neither "an event from an unknown cause," nor "an unusual or unexpected event from a known cause." It is exactly what might have been reasonably anticipated by the defendant—all the facts stated in the complaint being admitted to be true so far as the case in its present shape is concerned.

The main contention presented by the demurrer is, of course, the one that the facts set forth in the complaint do not constitute, in law, negligence on the part of the defendant; but there is also presented the view of the contributory negligence of the plaintiff, although the words "contributory negligence" do not appear. That defense must be pleaded by way of *answer,* and not by demurrer. In view of the probable course of this case, it is proper for us to add that upon the facts set out in the complaint, it could not be held as a matter of law that the plaintiff contributed to his own injury. Different views of that matter could be reasonably entertained by disinterested persons; and the jury must decide whether the plaintiff, under all the circumstances, acted with ordinary care, as a reasonably prudent man would have done under all the circumstances.

Error.

SMITH v. RAILROAD.

Cook, J., dissenting. I do not think the facts stated in the complaint show negligence upon the part of defendant company, and therefore see no error in his Honor's sustaining the demurrer. The facts are as follows: "That on December 28, 1897, the plaintiff, at the time in the employment of the Elmira Cotton Mills Company, went to the freight depot of defendant, at Burlington, N. C., the lessee as aforesaid, for the purpose of getting goods and freight consigned to his employers; that upon inquiry he learned from defendant's agent that the goods for which he had come were not in the depot, but were still in one of defendant's freight cars, which was moved to the siding nearest the platform, and the engine detached; that thereupon, at the invitation and under the direction of, and accompanied by, defendant's agent, he entered the car and was proceeding to unload the goods, and when he, assisted by the agent, had unloaded a few bales of said goods, the agent left, directing him to proceed and finish the unloading; that in unloading he would throw two or three bales from the car on the platform and then go on the platform and place these bales on a truck and roll them to the opposite side of the depot, where his horse and wagon were, and then place them on the wagon, and then returning would enter the car and throw out more bales of goods; that while he was in the car unloading the last of the bales that he intended to unload, he suddenly found that the car was in motion, and upon looking out found that it was attached to a train of cars, and apprehended that he was attached to a regular train; and knowing that he was being delayed in delivering the goods to his employers, and thereby delaying the operation of their mill, and knowing that he was leaving his horse and wagon standing at the depot, that before said train had attained any speed, and while it was slowly moving by the depot, he attempted to step from the car, in which he was, to the platform, a distance of about

fourteen inches, and in such attempt he was thrown from the platform and had his right leg broken, to his damage one thousand dollars. That said accident and damage were caused by the negligence of defendant's servants in moving the car without first giving notice to the plaintiff, after having invited and directed him to enter the car for the purposes aforesaid. Wherefore, plaintiff demands judgment for $1,000," etc.

For what purpose the car was being moved, or to what place it was intended to be carried, does not appear; nor did plaintiff inquire or endeavor to inquire. Having been invited or permitted to go into the car and unload the goods, defendant company was under obligations, first, to do him no injury while in the car; second, to do him no injury while carrying the goods out of the car; and third, to give him sufficient notice to safely get his goods and himself out of the car, in the event that it was intended to carry the car to some other station before doing so.

As plaintiff was not injured by any act of defendant company while he was in the car, or while getting the goods out of the car, the first and second duties or obligations are not in controversy.

As to the third: It is not alleged (only apprehended) that it was the purpose to carry the car away from the depot, or that it was done. In the absence of such an allegation, we have no right to assume it. For what purpose, or to what point the car was being moved, does not appear. If, in shifting its cars at that depot, or in placing other cars on the siding, it became necessary to move that car, in which plaintiff was, to some other point, or to move it temporarily for the convenience of handling other cars, then it would not have been negligence for defendant company to have done so. Therefore, to move the car was not negligence; and as plaintiff was not injured by its "moving," or on that account, de-

fendant company can not be liable for the injury sustained. Had he remained in the car, he would not have been hurt; and had defendant company's train carried him away, defendant would have been liable for the damages resulting for carrying him away from his business and horse and wagon without giving him notice of such purpose.

From the complaint, it appears that plaintiff *"apprehended"* that the car was going to be carried away, and *assumed* that he could step off with safety. In his *assumption* he shows he was mistaken, but is silent in his pleading as to the correctness of his "apprehension." Whether he was injured by his own mistake or his own negligence is not material to this decision; nor could we discuss the question of contributory negligence in the absence of such plea. Acts 1887, Chap. 33. So, the question of law raised by the demurrer to the complaint is, whether the injury resulted from the negligence or breach of duty upon the part of defendant, as appears from the facts alleged by plaintiff. None appearing, it is our duty, as it was that of the Court below, to so hold.