### UNION TRUST COMPANY v. J. F. WILSON.

(Filed 12 October, 1921.)

**1. Pleadings—Demurrer—Admissions.**

A demurrer to the complaint admits as true every material fact alleged therein that is properly pleaded.

**2. Same—Allegations Aliunde—Speaking Demurrer.**

A demurrer to a pleading upon the ground of the sufficiency of the allegations therein to constitute a cause of action must be confined to those allegations, and where it is necessary for statement of facts in the demurrer to be considered *aliunde* it is called a speaking demurrer, and will be overruled.

**3. Same—Trusts.**

Where the complaint alleges that the plaintiff is the holder in due course of a negotiable note sued on, acquired for value, before maturity, without notice of any infirmity therein, and it further appears from the complaint that it was held in trust to collect certain certificates of deposit issued by a bank and apply the proceeds to the note, a demurrer stating that in fact the plaintiff was not such owner of the note acquired in due course, etc., is bad.

**4. Same—Pending Action.**

A demurrer to the complaint stating that a similar action had formerly been commenced and was pending in another county, where such does not appear from the complaint as a fact, is bad.

**5. Pleadings — Demurrer — Speaking Demurrer—Allegations Aliunde— Trusts—Actions—Parties—Principal and Agent.**

The trustee of an express trust may sue alone (C. S., 449), and where the holder of a promissory note in due course, etc., sues thereon, who as it appears is a trustee of an express trust to collect certain certificates of deposit, and apply the proceeds to its payment for the benefit of himself and the holders of the certificates, a demurrer stating that the plaintiff is, in fact, suing as the agent of the holders of the certificates, and that they are in truth parties, is a speaking demurrer, and bad.

APPEAL by defendant from *Connor, J.,* at the June Term, 1921, of WAKE.

This action was brought to recover the amount of two negotiable promissory notes executed by the defendant, each of them in the sum of $5,000 (dated 30 March, 1920), and payable to the order of the maker twelve months after their date, and endorsed by the defendant, the maker thereof, in blank and before maturity, and delivered to the Harnett County Trust Company. It is alleged in the complaint "that thereafter, before maturity, for valuable consideration and without notice of any defect or infirmity in or respecting said notes, the Harnett County Trust Company, of Lillington, North Carolina, purchased and became

the holder in due course of said notes." It is further alleged that thereafter, for value and before maturity of the notes, plaintiff became the *bona fide* holder, in due course, of the same by transfer from the said Harnett County Trust Company, and was at the commencement of this action the *bona fide* holder thereof in due course, for full value and without notice. That the said notes are past due and unpaid, and that defendant is indebted to the plaintiff thereon in the sum of $10,000, with interest from 30 March, 1920, for which sum plaintiff demands judgment.

The agreement referred to in the complaint states that the Harnett County Trust Company agreed with the plaintiff and the holders of certain certificates of deposit in the Harnett County Trust Company to the amount of $68,000, that the latter would assign and deliver to the plaintiff the said certificates, to be held in trust by it for the benefit and use of the parties named in the agreement, and when they are delivered to the trustee, the Harnett County Trust Company should transfer and deliver to the said trustee certain notes, particularly described in the agreement, which were acquired and held as aforesaid, in due course, for value and without notice, by it to a corresponding amount. That the trustee should collect the notes so delivered to him, with power to sue for the same, if necessary, and employ counsel at a reasonable rate of compensation for that purpose, and when all the notes are collected, or compromised and settled by the trustee, with the consent of the certificate holders, and after deducting necessary expenses incurred by him in the execution of his trust, including his fees and allowances as may be approved by the clerk of the Superior Court of Wake County, the trustee shall distribute the balance of the funds so collected by him to and among the certificate holders aforesaid. That the two notes, the subject of this action, were included in those acquired by the trustee in the manner above stated, the Harnett County Trust Company being the holder in due course thereof when they were transferred before their maturity to the trustee and having no notice of any defect or infirmity therein, or any equity in favor of defendant existing in respect thereto.

The defendant demurred as follows:

"1. Because it appears from the complaint and exhibits that the notes sued on in this action are the property of the Harnett County Trust Company that issued its time deposit certificate for said notes.

"2. That defendant has started his suit against said Harnett County Trust Company in the county of Franklin, said suit having been started on 5 February, 1921, and said action is now pending in said county of Franklin for the purpose of vacating and setting aside said notes for fraud and for the fact that said Harnett County Trust Company was not an innocent purchaser for value without notice and a holder in due course.

"3. That said complaint and exhibits show a combination between said Harnett County Trust Company and the holders of its certificates of deposit, when not one cent has ever been paid by said trust company, nor have they surrendered their title to property in said notes if they have any, but it appears that plaintiff is only a collecting agent and attorney for said trust company.

"4. That the holders of said certificates of deposit are parties to this action by and through their agent and attorney, the plaintiff herein, when they have no cause of action whatever against this defendant.

"5. It appears that plaintiff company is not a holder in due course or an innocent purchaser for value without notice, but merely an agent to collect the Harnett County Trust Company claims if it indeed has any."

The court overruled the demurrer, and defendant appealed.

*J. M. Broughton for plaintiff.*
*W. M. Person for defendant.*

Walker, J., after stating the case: It is an established principle, not now open to question, that a demurrer by a defendant admits as true every material fact alleged in the complaint, which is properly pleaded, *Crane Co. v. L. & T. Co.,* 177 N. C., 346; *Merrimon v. Paving Co.,* 142 N. C., 539, and this is equally true of a demurrer to an answer, or other pleading. The demurrer, in this instance, calls to its aid facts stated therein which do not appear on the face of the complaint, and is generally denominated a "speaking demurrer." In *Von Glahn v. DeRossett,* 76 N. C., 292, 294, *Chief Justice Pearson* so characterizes it, in this passage taken from his opinion: "The second ground of demurrer is subject to another objection. It is a 'speaking demurrer,' as styled by the books. That is, in order to sustain itself the aid of a fact not appearing upon the complaint is invoked. Whether there be any fund left on hand at the expiration of the charter of the bank is a question of fact that cannot be inquired into upon demurrer, which raises only an issue of law in regard to the cause of action set out in the complaint." And to like effect is 6 Enc. of Pl. & Practice, p. 297, where it is said by the author, citing the authorities: "It is not the office of the demurrer to set out facts; it involves only such facts as are alleged in the pleading demurred to, and raises only questions of law as to the sufficiency of the pleading, which arise upon the face thereof. It is a fundamental rule of pleading that a demurrer will only lie for defects which appear upon the face of the pleading to which it is opposed, and must be decided without evidence *aliunde,* unless (as said in some cases) by consent of the parties. A speaking demurrer, that is, a demurrer which is founded

on matter collateral to the pleading against which it is directed, is bad, and as such will be overruled. It is also a well settled principle that when a pleading is demurred to resort cannot be had to other pleadings for the purpose of supporting or resisting the demurrer, but the demurrer must prevail or fall by the face of the pleading to which it is directed." 31 Cyc., 322, holds that "Only facts appearing on the face of the pleading demurred to will be considered on demurrer. New facts cannot be set up by the demurrant as a ground for demurrer. Such a demurrer is called a 'speaking demurrer,' and should be overruled. So the scope of the demurrer cannot be extended to cover facts not appearing on the face of the pleading demurred to." Illustrations of a speaking demurrer will be found in the following cases: *Express Co. v. Briggs,* 57 S. E., 1066; *Peake v. Ware,* 63 S. E., 581 (131 Ga., 826); *L. & N. R. Co. v. Holland,* 63 S. E., 898. Some of the other cases in this State are *Davison v. Gregory,* 132 N. C., 389; *Wood v. Kincaid,* 144 N. C., 393; *Kendall v. Highway Com.,* 165 N. C., 600; *Besseliew v. Brown,* 177 N. C., 65. We held in *Wood v. Kincaid, supra:* "A demurrer is an objection that the pleading against which it is directed is insufficient in law to support the action or defense, and that the demurrant should not, therefore, be required to further plead. It is not its office to set out facts, but it must stand or fall by the facts as alleged in the opposing pleading, and it can raise only questions of law as to their sufficiency. It is a fundamental rule of law that a demurrer will only lie for defects which appear upon the face of the alleged defective pleading, and extraneous or collateral facts stated in the demurrer cannot be considered in deciding upon its validity. A demurrer averring any fact not stated in the pleading which is attacked, commonly called a 'speaking demurrer,' is never allowable," citing 6 Pl. and Pr., 296 *et seq.; Von Glahn v. DeRossett,* 76 N. C., 292. We also held in *Besseliew v. Brown, supra* (opinion by *Justice Hoke*), that "Where the complaint in an action by the receiver of an insolvent corporation against its directors alleges a good cause of action for damages arising from their negligence in managing the corporate affairs, a demurrer may not be aided by allegations of facts not therein appearing, for such would be a speaking demurrer, condemned both under the common law and code systems of pleadings." A good statement of the law on this question will be found in *So. Express Co. v. Briggs, supra,* where it was said that a speaking demurrer is one that introduces some new fact or averment necessary to support the demurrer, and which does not distinctly appear on the face of the pleading against which it is directed. *Peale v. Ware, supra,* held that a demurrer negativing a fact material to the cause of action is faulty and should be overruled.

If the demurrer in this case is examined in the light of the foregoing authorities, it will appear that it clearly comes within the condemnation of the rule we have stated and which has long been a settled one. The first ground of demurrer is untenable, as it does not appear from the complaint and exhibits "that the Harnett County Trust Company is the owner of the notes sued on in this action," but the contrary appears, the Harnett County Trust Company having parted with its interest, as alleged in the complaint, and for a valuable consideration, to the plaintiff as trustee for the certificate holders. The second ground of demurrer, in direct violation of the rule, sets up extraneous facts in support of itself, such as are not alleged in the complaint, but are *aliunde*. It does not appear from the complaint, nor otherwise, except by allegations of the demurrer, that defendant has brought an action in Franklin County to set aside the notes mentioned in this suit. We have already disposed of the remaining ground of objection, viz., that plaintiff is not an innocent holder. It is alleged in the complaint that he is, and the demurrer, in law, admits it.

The third ground of demurrer is equally untenable, because it states facts not alleged in the complaint, and cannot, therefore, be considered under the rule of the law as to speaking demurrers.

The fourth ground of demurrer contains an erroneous statement of fact, as the holders of the certificates are not parties to this action, the plaintiff suing alone, as the trustee of an express trust, and within the meaning of the statute (C. S., 449), the designation "includes a person with whom, or in whose name, a contract is made for the benefit of another." *Wynne v. Heck,* 92 N. C., 414; *Willey v. Gatling,* 70 N. C., 410; *Martin v. Mask,* 158 N. C., at page 443.

The last ground assigned in the demurrer. must be held as invalid, because the demurrer admits, as a fact, the allegation in the complaint that the plaintiff is the holder of the notes, in due course, for value and without notice of any equity or infirmity attaching to them in favor of the defendant, who is the promissor in both notes, and it appears from the complaint, according to the allegations thereof, which are to be taken as admitted by the demurrer (*Bank v. Mfg. Co.,* 176 N. C., 318; *Ollis v. Furniture Co.,* 173 N. C., 542) that the plaintiff is not suing as agent, but as a trustee of an express trust, which includes within its meaning, as we have already stated, a person with whom, or in whose name, a contract is made for the benefit of another.

This disposes of all the grounds of demurrer adversely to the defendant, and, accordingly, there was no error in the judgment overruling the same.

Affirmed.