BESSIE ELLIS, ADMINISTRATRIX OF REX ELLIS, DECEASED, v. SINCLAIR REFINING COMPANY AND W. E. ROBERTSON, JR.

(Filed 9 November, 1938.)

**1. Negligence §§ 1, 9—Essential elements of actionable negligence.**

Actionable negligence is the failure to exercise that degree of care which an ordinarily prudent man, charged with like duty, would exercise under like circumstances, which proximately causes the injury in suit, but it must further appear that such negligent breach of duty was such that a man of ordinary prudence could have foreseen that such a result, or some similar injurious result, was probable under the facts as they then existed.

**2. Negligence § 4d—Defendants held not under duty to customer to keep small store room free from inflammable substance, and further were not under duty to foresee that injury to customer might ensue.**

The filling station where the accident occurred had a sales room for automobile accessories and cold drinks and a shed for washing and

greasing, and a small store room between these units in which was kept an old electric motor, which emitted sparks when in operation, and banana oil for thinning paint, which were necessary in the conduct of the business. Plaintiff's intestate purchased a Coca-Cola in the sales room and some time thereafter in playing with another person in the filling station, ran into the small store room and slammed the door. Fire broke out, causing intestate's death, and it was ascertained that the jar containing the banana oil had fallen or been knocked from the shelf on which it was stored. *Held:* Even conceding that intestate was a customer at the time of the accident, defendants were not under duty to him to keep the small store room free from the inflammable banana oil and the electric motor, since a customer would not likely come into contact with them, and further, defendants cannot be held to the duty of foreseeing that a customer would rush into the room, slam the door, and in some manner cause the ignition of flames with resulting injury.

APPEAL by plaintiff from *Armstrong, J.,* at July Term, 1938, of RANDOLPH. Affirmed.

This is a civil action to recover damages for the wrongful death of plaintiff's intestate, who caught on fire and was burned while in a small anteroom of a filling station in which was located the motor for the air compressor and storage shelves. The plaintiff's intestate died from the burns received.

The corporate defendant leased the premises in 1930. At the time of the occurrence complained of, 15 May, 1937, the premises were being operated as an automobile service station by the defendant Robertson, but it does not appear, except from certain circumstances relied on by the plaintiff, whether he was operating the same as agent of the corporate defendant or in his own behalf. The building had a main display, or sales room, in which automobile supplies, equipment and cold drinks are kept and offered for sale. Immediately east of said room and as a part of said service station is a wash shed and greasing pit. Between the sales room and the wash shed is a small room in which was installed and kept an electric motor used in charging the air compression machine. The motor was old and, when in operation, would emit sparks. In this small room and immediately over the motor was situated a small shelf upon which there was a fruit jar containing banana oil, an inflammable liquid, used by the defendant as a paint thinner in the prosecution of the business. The small room has two doors, one entering out to the wash shed and the other into the sales room. At the time of the occurrences complained of the wash pit door was locked and bolted and the door leading into the sales room was closed but not locked.

During the day of 15 May, 1937, plaintiff's intestate, a boy of approximately seventeen years of age, went into the sales room for the purpose of purchasing a Coca-Cola. He remained or loitered in and around the premises for some time, pranking and playing with one Victor Harkey.

Harkey had a pistol cartridge. During the play he took a hammer, pointed the bullet at the deceased and made a motion as if to strike the cap of the bullet. Thereupon the deceased ran back into the small motor room and slammed the door. Almost immediately he was heard to hollo, and upon opening the door Harkey discovered that he was on fire. There was evidence that the jar containing banana oil had fallen or been knocked from the shelf but there was no evidence that the motor was in operation at the time, nor is there any evidence as to just what caused the fire. The deceased was familiar with the premises.

Plaintiff offered evidence tending to show that the storage tanks and other equipment are the property of the corporate defendant; that the word "Sinclair" was painted on the building; that billboards advertising the sale of Sinclair Petroleum Products were attached to the posts of the shed and that there were other signs advertising Sinclair oil and gasoline on the premises.

At the conclusion of plaintiff's evidence the court below, on motion of the defendants, entered a judgment dismissing the action as of nonsuit. The plaintiff excepted and appealed.

*A. I. Ferree, T. Lynwood Smith, and Moser & Miller for plaintiff, appellant.*

*J. A. Spence and Smith, Wharton & Hudgins for defendant, appellee, Sinclair Refining Company.*

*H. M. Robins for defendant, appellee, W. E. Robertson, Jr.*

BARNHILL, J. The decisions of this Court are all in accord that in order to establish actionable negligence it must appear: First, that the defendant has failed to exercise proper care in the performance of some legal duty which the defendant owed the plaintiff under the circumstances in which they were placed, proper care being that degree of care which a prudent man should use under like circumstances when charged with a like duty; and, second, that such negligent breach of duty was the proximate cause of the injury. It must not only appear that the negligent act produced the result in continuous sequence, but it must further appear that the negligent act was such that any man of ordinary prudence could have foreseen that such a result, or some similar injurious result, was probable under all the facts as they then existed.

Applying the generally accepted rule governing the establishment of actionable negligence, after a careful examination of the evidence in this cause, we are unable to discover any error in the judgment below.

Conceding that plaintiff's intestate continued to maintain the status of a customer after he purchased and consumed the Coca-Cola and remained in the station in play with the witness Harkey, we cannot con-

ceive that the defendants owed him any duty to keep the small storage room in which he was injured free of a motor or banana oil used in the course of its business. Both the motor and the banana oil or paint thinner were necessary in the conduct of the business of the defendants. They were not stored where a customer would likely come in contact with them.

Even if it is further conceded that it was an act of negligence to store inflammable substances in the same room in which a spark emitting motor was located, to say that the defendants should have foreseen that a customer would rush into the room, slam the door and in some manner cause the ignition of flames which would burn him and cause his injury and death is placing upon the operators of the filling station a degree of prevision not contemplated by the law of negligence.

In principle, *Clark v. Drug Co.,* 204 N. C., 628, 169 S. E., 217, and *Money v. Hotel Co.,* 174 N. C., 508, 93 S. E., 964, are in point.

It is not necessary for us to decide whether the evidence offered is sufficient to charge the corporate defendant with the negligent acts of the defendant Robertson, who was operating the station. In no event is either defendant liable in damages for the unfortunate death of plaintiff's intestate.

The judgment below is
Affirmed.