JOHN L. JAMES v. GEORGE W. DENNY, JUSTICE OF THE PEACE.

(Filed 23 November, 1938.)

**Penalties § 1—Person convicted is not "party aggrieved" by service of warrant by constable of another township and may not recover penalty under statute providing such remedy to "aggrieved party."**

A justice of the peace of Mecklenburg County gave a warrant for service to a constable other than the one chosen for the township in which the justice of the peace resided, contrary to ch. 6, Public-Local Laws of

1933, applicable to Mecklenburg County. Plaintiff was convicted on the warrant in the recorder's court, and thereafter instituted this action against the justice of the peace to recover the penalty as provided in section 3 of the statute. *Held:* The statute provides the remedy to the "aggrieved party," and as plaintiff was convicted on the warrant, he is not in law the "party aggrieved" by the delivery of the warrant for service to a constable of another township, and defendant's motion to nonsuit should have been allowed, an aggrieved party being one who has been injuriously affected by the act complained of, and who thereby suffers an injury to person or property.

APPEAL by defendant from *Armstrong, J.,* at March Term, 1938, of MECKLENBURG. Reversed.

Action to recover the penalty prescribed by chapter 6, Public-Local Laws of 1935, instituted in the court of a justice of the peace. In the Superior Court, upon appeal, the following issue was submitted to the jury:

"Did the defendant George W. Denny, a justice of the peace for Charlotte Township, deliver a warrant or other process to be served in Charlotte Township to a constable other than a constable chosen to serve in the township within which said justice of the peace resides?" Under peremptory instructions from the court the jury answered the issue "Yes," and from judgment on the verdict, defendant appealed.

*John James for plaintiff, appellee.*
*John Newitt for defendant, appellant.*

DEVIN, J. By chapter 6, Public-Local Laws of 1933, applicable only to Mecklenburg County, it was made unlawful for any constable to solicit for service any process from a justice of the peace residing in a different township, unless service was to be made in the township for which the constable was chosen. The act further provides:

"Sec. 2. That it shall be unlawful for any justice of the peace to deliver any such process to any constable, other than a constable chosen by and serving the township within which said justice of the peace resides.

"Sec. 3. That any constable or justice of the peace who violates the provisions of this act shall forfeit and pay the sum of one hundred dollars to any aggrieved party who sues for the same."

The uncontradicted evidence offered at the trial tended to show that the defendant Denny, a justice of the peace residing in Charlotte Township, issued a warrant for the plaintiff charging him with violation of certain sanitary rules prescribed by the State Board of Health for the management of barber shops (ch. 119, Public Laws 1929). The warrant was delivered by the defendant to R. C. McNeely, a constable of

Berryhill Township, and by him duly served. The criminal action thus instituted was removed to the city recorder's court, where the plaintiff herein, John L. James, was found guilty and prayer for judgment continued. At the conclusion of this evidence defendant Denny moved for judgment of nonsuit. This was denied, and defendant assigns as error the failure of the court to allow this motion.

The motion should have been allowed. The statute authorizes the penalty only in favor of an aggrieved party. The plaintiff, who was properly convicted of the offense charged in the warrant, is not in law the party aggrieved by the delivery of the warrant for service to a constable of another township. The result to him was the same. Under the evidence in this case, the only person who could have been legally aggrieved was the constable of Charlotte Township, presumably available for the service. *Stone v. R. R.,* 144 N. C., 220, 56 S. E., 932. An aggrieved party is one who has been injuriously affected by the act complained of, one who has thereby suffered an injury to person or property. 3 C. J. S., 350; 1 C. J., 973.

Webster's International Dictionary defines an aggrieved party as one "adversely affected in respect of legal rights."

For the reasons stated, we hold that there was error in denying defendant's motion for judgment of nonsuit.

Judgment reversed.