JACK HALL v. COBLE DAIRIES, INC., AND JAMES LESTER DOCKERY.

(Filed 10 October, 1951.)

**1. Pleadings § 19c—**

A demurrer admits the truth of every material fact properly alleged.

**2. Negligence § 9—**

Ordinarily, foreseeability is an essential element of proximate cause, but this does not require that the tort-feasor be able to anticipate the particular consequences ultimately resulting from his negligence, but only that by the exercise of reasonable care he might have foreseen consequences of a generally injurious nature, and that the injuries actually sustained be such as in ordinary circumstances were likely to have ensued.

**3. Automobiles §§ 8d, 18a, 18b—Complaint held not demurrable on ground that injuries sustained could not have been reasonably foreseen.**

Allegations to the effect that defendants left their tractor-trailer standing on the highway at nighttime without lights, flares or signals as required by statute, that plaintiff, driving his automobile in a careful and

prudent manner, collided with the rear thereof, that in the collision plaintiff was severely shocked and, while in a dazed and addled condition, walked out on the highway and was hit by a car traveling in the opposite direction, causing the injuries sued on, *is held* not demurrable on the ground that upon the facts alleged defendants could not have foreseen that plaintiff would be injured by being struck by the car, since defendants could have foreseen generally injurious consequences from the negligence alleged, and the injuries complained of were not beyond the pale of natural consequences of such negligence.

**4. Negligence § 7—**

An independent intervening cause is one which could not have been reasonably anticipated and which breaks the causal connection between the primary negligence and the injury, but if the intervening act might have been anticipated in the natural and ordinary course of things, including those acts which constitute a normal response to the stimulus of the situation created by the primary negligence, such intervening act does not insulate the primary negligence, even though it be a contributing cause of the injury.

**5. Automobiles §§ 18a, 18d—Complaint held not demurrable on ground that upon facts alleged injury was due to independent act of third party.**

Allegations to the effect that, as a result of defendants' negligence, plaintiff collided with the rear of defendants' truck, and that while in a dazed condition from the impact, plaintiff walked out into the highway and was struck by an automobile traveling in the opposite direction, *is held* not demurrable on the ground that upon the facts alleged defendants' negligence was insulated by the independent intervening acts of the driver of the car, since upon the facts defendants' primary negligence, acting through the normal response to the stimulus set in motion by it, continued in active operation up to the time plaintiff was struck by the car.

**6. Pleadings § 19c—**

Upon demurrer the complaint will be liberally construed in favor of the pleader.

VALENTINE, J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Rudisill, J.,* at Regular May Term, 1951, of BUNCOMBE. Reversed.

Civil action to recover damages for personal injuries alleged to have resulted from negligence of the defendants, heard upon demurrer to the complaint for alleged failure to state facts sufficient to constitute a cause of action.

At the hearing the trial judge sustained the demurrer and the plaintiff appealed, assigning error.

*Butler & Mitchell, Sale, Pennell & Pennell, and Joe K. Byrd for plaintiff, appellant.*

*Pierce & Blakeney and Richard E. Wardlow for defendants, appellees.*

JOHNSON, J. The plaintiff alleges in pertinent part that on the night of 27 September, 1947, at about 7:30 o'clock, a large tractor-trailer of the corporate defendant, in charge of the individual defendant, was parked on the paved portion of U. S. Highway No. 70 within the corporate limits of the Town of Glen Alpine, North Carolina, with the truck and trailer entirely blocking the right side of the highway, "without displaying lights, flares or lanterns 200 feet in the front and rear of said truck and trailer," in violation of "the laws of the State of North Carolina governing the operation of motor vehicles"; that the plaintiff came along in his 1941 Chevrolet automobile, driving eastwardly, "in a careful and prudent manner, on his right hand side of said highway," and at about 30 miles per hour; "that it was dusk dark and visibility was poor; that a short distance from the scene of the accident . . . there is a dip in the highway, and as plaintiff reached the crest of the hill, suddenly and without warning he saw in front of him, parked on the highway, the truck and trailer belonging to defendant Coble Dairies, Inc.; . . . that said truck and trailer had been parked there for some time . . .; that just behind said trailer, and standing on the highway, were three men, one of whom was the defendant, James Lester Dockery, and one of whom was another employee of Coble Dairies, Inc., . . .; that motor vehicles were traveling on the highway in westward direction, and plaintiff, in an effort to avoid hitting the men standing back of the truck and trailer . . ., and to avoid driving into the oncoming traffic, applied his brakes and swerved sharply to the right and onto the shoulder of said highway, causing the automobile to skid into the right rear side of said trailer, which caused his wife's head to be thrown against the windshield of said car, breaking her nose and inflicting serious and painful cuts and bruises on her face and body;"

"That the plaintiff was severely shocked and shaken up by the suddenness of the impact, as aforesaid."

"That immediately after the collision . . ., this plaintiff got out of his automobile and went around to its right side in order to assist his wife, who was bleeding profusely; that when he had attended to his wife and had returned to the left side of his car, still in a dazed and addled condition from shock caused by the collision, aforesaid, just as he was attempting to enter the automobile he was suddenly stricken by an automobile traveling west over said highway, causing the injuries hereinafter set forth."

"That the reckless, wanton, and unlawful acts of the defendant Coble Dairies, Inc., by and through its agents, servants and employees, as above set forth, was the proximate cause of the permanent injury to the person of this plaintiff hereinafter described, in that the defendant Coble

Dairies, Inc., through its agents, servants, and employees, failed and neglected:

"(a) to display the rear lights prescribed by Chapter 20, Section 129, Subsection (d), and Section 134 of the General Statutes of North Carolina, and in that the defendant, Coble Dairies, Inc., its agents, servants and employees permitted the said motor vehicle to stand on the highway without displaying thereon a lamp projecting a red light visible under normal atmospheric conditions from a distance of 500 feet to its rear;

"(b) to remove said motor vehicle from the travelled portion of said highway, so as to leave a clear and unobstructed width of not less than 15 feet upon the main travelled portion of said highway opposite said motor vehicle, in violation of Chapter 20, Section 161 of the General Statutes of North Carolina.

"(c) to display, not less than 200 feet in front and rear of such vehicle a red flag, red flares, or lanterns;

"(d) to use due care, caution and circumspection for the rights of others using said highway;

"All of which acts of omission and commission were the direct and proximate cause of the injuries and damages hereinafter set forth."

"That by reason of the negligence, recklessness and wanton and willful disregard for others on the part of the defendants, which was the sole and proximate cause of the plaintiff's being stricken by the aforesaid automobile, this plaintiff was knocked to the pavement and dragged 93 feet along said highway, inflicting" . . . injuries as described, and entitling plaintiff to damages in a substantial sum.

By demurring to the sufficiency of the complaint to state a cause of action, the defendants admit as true every material fact properly alleged. *S. v. Trust Co.,* 192 N.C. 246, 134 S.E. 656; *Trust Co. v. Wilson,* 182 N.C. 166, 108 S.E. 500.

The chief contention urged by the defendants is that the facts alleged by the plaintiff, when taken as true, fail to establish the required causal connection between the plaintiff's injuries and the alleged negligence of the defendants. It is urged that the essential elements of proximate cause are lacking. The plaintiff's allegations as to this are in substance as follows:

(1) That the defendants' tractor-trailer unit had been unlawfully left standing (as disabled) on the paved portion of the highway, near the crest of a hill, without displaying lights, flares, and signals, as required by statute.

(2) That the plaintiff, driving his automobile in "a careful and prudent manner," came over the crest of the hill and collided with the rear of the tractor-trailer.

(3) That in the collision the plaintiff was "severely shocked and shaken up by the . . . impact."

(4) That he got out of his automobile and went around to its right side in order to assist his wife who was bleeding profusely from injuries sustained in the collision.

(5) That after rendering his wife assistance, he returned to the left side of his car "still in a dazed and addled condition from shock caused by the collision," and just as he was attempting to enter the automobile he was suddenly hit by an automobile traveling in the opposite direction over the highway, causing the injuries for which recovery is sought.

It is the contention of the defendants: (1) that the defendants were not chargeable with the "duty to foresee that the plaintiff . . . (after the collision) would eventually walk out upon the highway and that a third person would operate an automobile in such manner as to strike and injure the plaintiff, as he alleges," and that therefore the plaintiff has alleged himself beyond the bounds of the rule of foreseeability, as an essential test of actionable negligence; and (2) that there is a lack of causal connection between the defendants' alleged negligence and the plaintiff's injuries, for "that the intervening independent action of the motorist operating the westwardly-traveling automobile, that came along later and struck the plaintiff, was the actual, real, and proximate cause of the plaintiff's injuries." These contentions of the defendants will be treated *seriatim:*

1. *The question of foreseen or foreseeable consequences.*—It may be conceded that in this jurisdiction in order to warrant a finding that negligence, not amounting to a willful or wanton wrong, was the proximate cause of an injury, ordinarily it must appear that injurious consequences were foreseen, or reasonably should have been foreseen, by the wrongdoer at the instant of the negligent act. *Drum v. Miller,* 135 N.C. 204, 47 S.E. 421; *Dunn v. Bomberger,* 213 N.C. 172, 195 S.E. 364. See also 38 Am. Jur., Negligence, Sec. 58, pp. 708, 709.

However, it is established by authoritative decisions of this Court that when the test of foreseen or foreseeable consequences is applied in determining proximate cause or actionable negligence, it is not necessary that the tort-feasor should have been able to foresee the injury in the precise form in which it occurred, nor to have been able to anticipate the particular consequences ultimately resulting from the negligent act or omission. *Drum v. Miller, supra* (135 N.C. 204). See also 38 Am Jur., Negligence, Sec. 62, p. 713. Ordinarily, under our decisions it suffices to show (1) that "by the exercise of reasonable care, the defendant might have foreseen that some injury would result from his act or omission, or that consequences of a generally injurious nature might have been expected." (*Drum v. Miller, supra* (135 N.C. 204, top p. 215)); *McIntyre*

v. Elevator Co., 230 N.C. 539, 54 S.E. 2d 45; Rattley v. Powell, 223 N.C. 134, 25 S.E. 2d 448; Evans v. Rockingham Homes, Inc., 220 N.C. 253, 17 S.E. 2d 125; Lancaster v. Greyhound Corp., 219 N.C. 679, p. 688, 14 S.E. 2d 820; Ellis v. Sinclair Refining Co., 214 N.C. 388, 199 S.E. 403; Dunn v. Bomberger, supra (213 N.C. 172, p. 177). See also 38 Am. Jur., Negligence, Sec. 62, pp. 713, 714, and (2) that the injuries sustained were the natural and probable, although not the necessary and inevitable, result of the negligent fault of the defendants, i.e., such injuries as were likely, in ordinary circumstances, to have ensued from the act or omission in question. McIntyre v. Elevator Co., supra (230 N.C. 539); Bowers v. Railroad Co., 144 N.C. 684, 57 S.E. 453; Drum v. Miller, supra (135 N.C. 204). See also: Brady v. Railroad Co., 222 N.C. 367, p. 373, 23 S.E. 2d 334; 38 Am. Jur., Negligence, Sections 57 and 62; Anno: 155 A.L.R. 157.

Tested by the foregoing rules, it is manifest that the defendants are chargeable with having foreseen that consequences of a generally injurious nature would likely result from their conduct in leaving the tractor-trailer on the paved portion of the highway, without lights, flares, and signals as alleged. Upon this record, we cannot say it was beyond the pale of natural consequences that the plaintiff in the ensuing collision was severely shocked, to the extent that he was "dazed and addled" and in that condition walked out on the highway and was hit by a passing motorist. Therefore it would seem that the complaint meets the required tests as to foreseen or foreseeable consequences.

2. The question of an independent intervening cause.—It is settled law that an independent intervening cause which breaks the chain of causation from the original negligent act or omission may relieve the original wrongdoer of liability, on the theory of insulating the original negligence. Butner v. Spease, 217 N.C. 82, 6 S.E. 2d 808; Powers v. Sternberg, 213 N.C. 41, 195 S.E. 88; Beach v. Patton, 208 N.C. 134, 179 S.E. 446; Hinnant v. R. R., 202 N.C. 489, 163 S.E. 555; Balcum v. Johnson, 177 N.C. 213, 98 S.E. 532. See also 65 C.J.S., Negligence, Sec. 111, pp. 687, 688.

However, the intervening cause which will relieve of liability for injury must be a new, independent and efficient cause, intervening between the original negligent act or omission and the injury ultimately suffered, which turns aside the natural sequence of events and produces a result which would not otherwise have followed, and which could not have been reasonably anticipated. An efficient, intervening cause is a new proximate cause, which breaks the connection of the original cause and becomes itself solely responsible for the result in question. It must be an independent force, entirely superseding the original action, and rendering its effect in the chain of causation remote. It is immaterial

how many new events or forces have been introduced, if the original cause remains active, the liability for this result is not shifted. The causal connection must be actually broken and the sequence interrupted in order to relieve the defendant from responsibility. The mere fact that another person or agency concurs or co-operates in producing the injury or contributes thereto in some degree, whether large or small, is not of controlling importance. ` Ordinarily, it is immaterial how many others may have been at fault if the defendant's original negligence was the efficient cause of the injury. *Balcum v. Johnson, supra* (177 N.C. 213); *Harton v. Telephone Co.,* 141 N.C. 455, 54 S.E. 299. See also: *Ins. Co. v. Stadiem,* 223 N.C. 49, 25 S.E. 2d 202; 38 Am. Jur., Negligence, Sec. 67, pp. 722, 723.

And ordinarily "the connection is not actually broken if the intervening event is one which might in the natural and ordinary course of things, be anticipated as not entirely improbable, and the defendant's negligence is an essential link in the chain of causation." Shearman and Redfield on Negligence, Revised Ed., Vol. 1, Sec. 38, p. 101.

In *Insurance Co. v. Stadiem, supra* (223 N.C. 49), the rule is stated this way by *Chief Justice Stacy:*

". . . if the original act be wrongful, and would naturally prove injurious to some other person or persons, and does actually result in injury through the intervention of other causes which are not in themselves wrongful, the injury is to be referred to the wrongful cause, passing by those which are innocent. *Scott v. Shepherd,* 2 Bl., 892 *(Squib Case).* But if the chain of causation be broken by the intervention of some efficient, independent cause, such intervening cause is to be regarded as the proximate cause of the injury, and in an action against the original wrongdoer the law will not undertake further to pursue the question or resulting damage. . . . To avail the original wrongdoer as a defense, however, the intervening cause must be both independent and responsible of itself. . . .

"In searching for the proximate cause of an event, the question always is: Was there an unbroken connection between the wrongful act and the injury, a continuous operation? Do the facts constitute a continuous succession of events, so linked together as to make a natural whole, or was there some new and independent cause intervening between the wrong and the injury?" (223 N.C. p. 53.)

In 65 C.J.S., Negligence, Sec. 111, p. 695, it is stated: "An intervening act does not become a superseding cause if it is a normal response to the stimulus of a situation created by the negligence of another."

Also, on the topic of acts done during delirium caused by negligent conduct, as affecting causal relation, this pertinent statement is found

in the American Law Institute's Restatement of the Law of Torts, Vol. II, Sec. 465, p. 1211:

"If the actor's negligent conduct so brings about the delirium . . . of another as to make the actor liable for it, the actor is also liable for harm done by the other to himself while delirious . . ., if his delirium . . . prevents him from realizing the nature of his act and the certainty or risk of harm involved therein, . . ."

See also: Carpenter, Proximate Cause, 14 So. Cal. L. Rev., 115, pp. 117, 152; and 14 So. Cal. L. Rev., 416, p. 448; Beale, Proximate Consequences of an Act, 33 Harv. L. Rev., p. 633, pp. 643 to 658.

Here, taking the allegations of the complaint as true, it appears that the alleged negligence of the defendants caused the initial collision; that in the collision the plaintiff was "dazed and addled," and in that condition walked out on the highway and was hit by the passing motorist and thereby suffered the injuries sued on. The force set in motion by the defendants appears to have continued in active operation through the force it stimulated into activity down to the final injury. Thus, it would seem the plaintiff has alleged a continuous succession of events, so linked together as to make a natural whole.

It is urged by the defendants that the complaint shows upon its face that the plaintiff was negligent in walking out on the highway in front of the passing automobile and that the passing motorist was negligent in hitting the plaintiff, and further that the negligence of the passing motorist was "a new, independent, efficient, intervening and outside factor," which concurring with the negligence of the plaintiff proximately caused his injuries. We are unable, however, so to interpret the allegations of the complaint. A perusal of the complaint, with this intimation in mind, rather tends to confirm the impression that these elements of negligence were adroitly avoided by counsel in drafting the pleading. Both of these factors of possible negligence (contributory negligence of the plaintiff and intervening negligence of the passing motorist) may be made available to the defendants as defenses. However, where, as here, these factors of possible negligence do not affirmatively appear on the face of the complaint, they may not be brought in by demurrer. *Smith v. Railroad,* 129 N.C. 374, 40 S.E. 86. The sole function of a demurrer is to test the legal sufficiency of the challenged pleading. A demurrer may not call to its aid facts not appearing on the face of the alleged defective pleading. *Trust Co. v. Wilson, supra* (182 N.C. 166); *Wood v. Kincaid,* 144 N.C. 393, 57 S.E. 4; *Davison v. Gregory,* 132 N.C. 389, 43 S.E. 916.

The decision in *Hinnant v. Railroad Co., supra* (202 N.C. 489), cited and relied on by the defendants, is distinguishable. There, the plaintiff, a guest passenger in an automobile, was injured in a grade-crossing collision. He joined as defendants both the driver of the automobile and the

railroad company, alleging negligence against both. There, it appeared upon the face of the complaint, and as the only reasonable inference deducible therefrom, that the negligence of the defendant driver of the automobile intervened as an independent factor, breaking the sequence of events between the plaintiff and the negligence of the railroad company, and completely insulating the original or primary negligence of the railroad company. In the instant case, the passing motorist is not joined as a defendant and the complaint alleges against him no act or omission of negligence.

The rest of the decisions cited and relied upon by the defendants likewise are distinguishable. (*Beach v. Patton, supra* (208 N.C. 134); *Powers v. Sternberg, supra* (213 N.C. 41); *Peoples v. Fulk,* 220 N.C. 635, 18 S.E. 2d 147). In each of these cases issues were joined upon the pleadings and the evidence had been adduced below. In each instance this Court held, as a matter of law upon the evidence adduced, that the primary negligence, if any, of the party charged was insulated by the intervening negligence of a codefendant or third party. Here, however, issues have not been joined. We are still out on the fringes of the controversy, merely testing by demurrer the legal sufficiency of the allegations of the complaint.

And, upon a liberal construction of the complaint in favor of the pleader, as is the rule upon demurrer (*S. v. Trust Co., supra; Bryant v. Ice Co.,* 233 N.C. 266, 63 S.E. 2d 547), it sufficiently appears that the negligence of the defendants was the proximate cause of the plaintiff's injuries, *i.e.,* the cause which in natural and continuous sequence, unbroken by any new and independent cause, produced the plaintiff's injuries, and without which the injuries would not have occurred, and from which a person of ordinary prudence could have reasonably foreseen that such a result, or some similar injurious result, was probable under the facts as they existed. *Ellis v. Refining Co., supra* (214 N.C. 388); *Harton v. Telephone Co., supra* (141 N.C. 462; *McIntyre v. Elevator Co., supra* (230 N.C. 539); and *Ramsbottom v. Railroad Co.,* 138 N.C. 38, 50 S.E. 448.

It follows, therefore, that the complaint states facts sufficient to constitute a cause of action against the defendants, and that the demurrer should have been overruled. The judgment below is

Reversed.

VALENTINE, J., took no part in the consideration or decision of this case.