HIGH POINT SURPLUS COMPANY, INC. v. ROBERT PLEASANTS, Sheriff of Wake County, North Carolina, Ben W. Haigh, Chairman, and Billy K. Hopkins, James L. Judd, William T. Gilliam, W. Hal Trentman, Jennings Booth, and W. W. Holding, III., Commissioners, Board of County Commissioners for Wake County, North Carolina.

(Filed 29 January, 1965.)

**1. Pleadings § 15—**

A demurrer must be determined upon consideration of the pleading and instruments expressly made a part thereof without reference to facts, evidence, or instruments *aliunde* the challenged pleading, even though the parties stipulate such matters might be considered.

**2. Pleadings § 12—**

A pleading will be liberally construed upon demurrer, admitting for its purpose the truth of the facts alleged and relevant inferences of fact deducible therefrom, but it does not admit legal conclusions.

**3. Same—**

The rule of liberal construction of the pleading upon demurrer does not warrant the court in reading into the pleading facts which it does not contain.

**4. Evidence § 1—**

The courts will not take judicial knowledge of municipal and county ordinances, but such ordinances must be pleaded, at least to the extent stipulated by G.S. 160-272.

**5. Constitutional Law § 4;    Injunctions § 5—**

A party has no standing to enjoin the enforcement of a statute or ordinance when he fails to show that his rights have been impinged or are imminently threatened by the operation of the statute or ordinance.

**6. Same;  Counties § 3.1;  Municipal Corporations § 27—Where pleading in an action to enjoin enforcement of ordinance fails to show imminent threat to plaintiff's rights, demurrer is proper.**

Plaintiff, alleging that it was a retailer in a named municipality, instituted this action to restrain the enforcement of a county ordinance relating to Sunday sales, alleging that it would be irreparably injured by the enforcement of the ordinance, and asserting the legal conclusion that the ordinance was unconstitutional. The county ordinance was not made a part of the pleading but the parties agreed that the case on appeal should contain a copy thereof. It appeared that the county ordinance provided that it should apply within the corporate limits of those municipalities of the county whose governing bodies should agree thereto, but the complaint contained no allegation that the governing body of the municipality in question had agreed to the ordinance, and no municipal ordinance was set forth in or made a part of the complaint. *Held:* Even if the Court should take judicial notice of the county ordinance, that ordinance, in the absence of a showing that the municipality in which plaintiff carried on its

business had agreed thereto, would not affect plaintiff, and therefore plaintiff's pleadings failed to make it appear that plaintiff's rights would be directly affected by the ordinance, and demurrer was properly sustained.

**7. Pleadings § 15—**

In an action attacking the constitutionality of an ordinance, the ordinance attacked should be made a part of the pleadings, since judicial notice thereof cannot be taken, and the omission of the ordinance cannot be supplied by a stipulation in another case not a part of the case on appeal in the instant case and not signed by defendants, referring to the ordinance by number, since a document *aliunde* the pleading attacked may not be considered upon demurrer.

**8. Pleadings § 19—**

In sustaining a demurrer to a defective statement of a cause of action, the court should not dismiss the action, since plaintiff is entitled to move to amend if he so desires.

APPEAL by plaintiff from *Bickett, J.,* in chambers on 17 April 1964. WAKE.

Civil action instituted by plaintiff on 3 April 1964 as a class action to restrain permanently defendants from enforcing the provisions of an alleged resolution by the Board of County Commissioners of Wake County regulating Sunday sales of goods, wares and merchandise, on the alleged ground that the alleged resolution violates Article I, section 17, and Article II, section 29, of the North Carolina Constitution, the 14th Amendment to the United States Constitution, and "fundamental property rights and fundamental human rights guaranteed to it by our State and Federal Constitutions." On 3 April 1964 Judge Bickett issued a temporary injunction.

On 13 April 1964 defendants filed a demurrer to the complaint on the ground that it does not state facts sufficient to constitute a cause of action, specifying the grounds.

From an order sustaining the demurrer, dissolving the temporary injunction, and dismissing the action, but continuing the temporary injunction in full force and effect in the exercise of the judge's discretion pursuant to G.S. 1-500, until the case is disposed of on appeal by the Supreme Court, plaintiff appeals.

*Cannon, Wolfe and Coggin, Broughton and Broughton by J. Melville Broughton, Jr., for plaintiff appellant.*

*Thomas A. Banks for defendant appellees.*

*Smith, Leach, Anderson & Dorsett by C. K. Brown, Jr., for the North Carolina Merchants Association, amicus curiae.*

Parker, J.  The office of the demurrer here is to test the sufficiency in law of the complaint. This is a summary of the allegations of the complaint, except when quoted:

"[T]he plaintiff is a corporation organized and existing under the laws of the State of North Carolina, *with its principal place of business in the city of Raleigh, Wake County, North Carolina.*" (Emphasis ours.)

Defendant Pleasants is sheriff of Wake County, and is charged with the enforcement of all resolutions adopted by the Board of County Commissioners of Wake County. All other defendants are members of the Board of County Commissioners of Wake County.

"[O]n or about March 2, 1964 the Board of County Commissioners of Wake County adopted a resolution entitled 'Resolution Regulating Sunday Sales of Goods, Wares and Merchandise.' *That a copy of said resolution will be produced at the trial of this matter.*" (Emphasis ours.)

Plaintiff, and numerous other persons, firms and corporations not named as parties, but in whose behalf this action is instituted, *"operates [sic] a general retail and wholesale merchandising store in the City of Raleigh, Wake County, North Carolina,* which engages on Sunday in the business of selling of goods, wares and merchandise, the sale of some of which is prohibited, but the status of many articles cannot be ascertained or determined by the terms of said resolution." (Emphasis ours.)

Plaintiff, and the others in whose behalf this action is instituted, derive a substantial dollar volume of business from their Sunday sales.

The resolution passed by the Board of County Commissioners is null and void, in that:

One.  "That said resolution by its very terms descriminates against this plaintiff in that Section 2 of said resolution specifically provides that it SHALL APPLY WITHIN 'THE CORPORATE LIMITS AND JURISDICTION OF ANY INCORPORATED CITY OR TOWN, WHOSE GOVERNING BODY, BY RESOLUTION, AGREES TO THIS ORDINANCE AND REGULATION' and therefore, its application does not affect all persons, firms and corporations engaged in operations similar to those of plaintiff but only those located in incorporated towns or cities that have adopted the resolution of the Board of Commissioners of Wake County, all of which is in violation of Section 17, Article I, of the Constitution of North Carolina and in violation of the Fourteenth Amendment to the Constitution of the United States of America."

Two, three, four, five, six, and seven state argumentative legal conclusions that the resolution adopted by the Board of County Commis-

sioners is unconstitutional and violates its right under Article I, section 17, and Article II, section 29, of the North Carolina Constitution, and the Fourteenth Amendment to the United States Constitution.

It is informed and believes that if defendants are not restrained, it, and others like it, will be subjected to a multiplicity of arrests and prosecutions for a violation of the said resolution after its effective date on 31 March 1964, and will suffer irreparable damage, unless defendants are permanently restrained, because it, and others like it, have no adequate remedy at law to prevent irreparable damage.

"On demurrer we take the case as made by the complaint." *Barber v. Wooten,* 234 N.C. 107, 66 S.E. 2d 690. The Court said in *Hayes v. Wilmington,* 243 N.C. 525, 538, 91 S.E. 2d 673, 683: "It is elemental that a demurrer may not call to its aid facts not appearing on the face of the challenged pleading. *Union Trust Co. v. Wilson,* 182 N.C. 166, 108 S.E. 500; *Wood v. Kincaid,* 144 N.C. 393, 57 S.E. 4; *Davison v. Gregory,* 132 N.C. 389, 43 S.E. 916."

It is a general and fundamental rule of pleading that on a hearing of a demurrer to a pleading the court ordinarily is limited to a consideration of the pleading demurred to, and an instrument or instruments expressly made a part of the pleading by apt words, and cannot consider evidence, documents, or instruments *aliunde* of the challenged pleading, such as affidavits and stipulations of the parties. *Moore v. W. O. O. W., Inc.,* 253 N.C. 1, 116 S.E. 2d 186; *Lamm v. Crumpler,* 240 N.C. 35, 81 S.E. 2d 138; *Foust v. Durham,* 239 N.C. 306, 79 S.E. 2d 519; *Towery v. Dairy,* 237 N.C. 544, 75 S.E. 2d 534; *McDowell v. Blythe Bros.,* 236 N.C. 396, 72 S.E. 2d 860; *Trust Co. v. Wilson,* 182 N.C. 166, 108 S.E. 500; *Davison v. Gregory,* 132 N.C. 389, 43 S.E. 916; 71 C.J.S., Pleading, § 257; 41 Am. Jur., Pleading, § 246.

"According to the weight of authority, matters extrinsic to a pleading may not be considered on the hearing of a demurrer thereto, even though the parties stipulate or agree that such matters may be considered by the court in determining the demurrer." 41 Am. Jur., Pleading, § 246, p. 466. To the same effect Anno. 137 A.L.R. 483.

It is familiar learning that a demurrer admits, for the purpose of testing the sufficiency of the pleading, the truth of factual averments therein well stated and such relevant inferences as may be deduced therefrom, but it does not admit any legal inferences or conclusions of law asserted by the pleader. *McKinney v. High Point,* 237 N.C. 66, 74 S.E. 2d 440. While G.S. 1-151 requires us to construe liberally the allegations of a challenged pleading, we are not permitted to read into it facts which it does not contain. *Thomas & Howard Co. v. Insurance Co.,* 241 N.C. 109, 84 S.E. 2d 337; *Johnson v. Johnson,* 259 N.C. 430, 130 S.E. 2d 876.

This Court has consistently held that our courts of general jurisdiction and the Supreme Court will not take judicial notice of a municipal ordinance. *Shoe v. Hood*, 251 N.C. 719, 112 S.E. 2d 543; *Funeral Service v. Coach Lines*, 248 N.C. 146, 102 S.E. 2d 816; *S. v. Clyburn*, 247 N.C. 455, 101 S.E. 2d 295; Stansbury, N. C. Evidence, 2d Ed., sec. 12, p. 22. This seems to be the general rule, in the absence of a statute requiring that notice be taken. Wigmore on Evidence, 3d Ed., Vol. IX, Judicial Notice, p. 552.

In G.S. 160-272, it is stated: "In all judicial proceedings it shall be sufficient to plead any ordinance of any city by caption, or by number of the section thereof and the caption, and it shall not be necessary to plead the entire ordinance or section."

In *S. v. Fox*, 262 N.C. 193, 136 S.E. 2d 761, the Court, while recognizing the general rule, held that it "does not preclude the courts, when called upon to construe an excerpt from an ordinance set out in a bill of indictment, from interpreting the excerpt correctly by construing it with the rest of the ordinance, certainly when the entire ordinance is before the court by stipulation of the parties."

"The general rule is that county, town, or municipal laws, ordinances, by-laws, or resolutions themselves are not judicially known to courts having no special function to enforce them, although the power of municipalities to pass ordinances or by-laws is judicially noticed by the courts within the state." 31 C.J.S., Evidence, § 27. To the same effect Wigmore on Evidence, 3d Ed., Vol. IX, p. 552.

We now have the task of applying the above stated principles of law to the facts stated in the complaint.

According to the facts stated in the complaint, plaintiff operates a general retail and wholesale merchandising store in the city of Raleigh, Wake County, North Carolina, and brings this action as a class action in behalf of itself and all others in the city of Raleigh engaged in similar business. Plaintiff, and the others in whose behalf this action is instituted, derive a substantial dollar volume of business from their Sunday sales. On or about 2 March 1964 the Board of County Commissioners of Wake County adopted a resolution entitled "Resolution Regulating Sunday Sales of Goods, Wares and Merchandise." The object of this action is to have this resolution adjudged unconstitutional. The words of this resolution are not set forth in the complaint. The complaint states "a copy of said resolution will be produced at the trial of this matter." Such being the facts, on demurrer we do not take judicial notice of this resolution to determine whether it is constitutional as defendants contend, or unconstitutional as plaintiff contends.

The parties agreed to the case on appeal. They agreed the case on appeal shall constitute the following: The complaint, the restraining

bond, the temporary injunction, copy of Wake County ordinance adopted 2 March 1964, demurrer of defendants, order of Judge Bickett dated 14 April 1964 continuing the hearing until 17 April 1964, the final order of Judge Bickett entered 17 April 1964, from which plaintiff appeals, and the appeal entries.

Even if on demurrer, contrary to our decisions and contrary to the weight of authority in this country, we consider the text of the resolution, a fatal defect appears in the complaint. The complaint affirmatively alleges: "That said resolution by its very terms discriminates against this plaintiff in that Section 2 of said resolution specifically provides that it SHALL APPLY WITHIN 'THE CORPORATE LIMITS AND JURISDICTION OF ANY INCORPORATED CITY OR TOWN, WHOSE GOVERNING BODY, BY RESOLUTION, AGREES TO THIS ORDINANCE AND REGULATION' * * *." According to this allegation this resolution will not apply to plaintiff, who is doing business in the city of Raleigh, and others like it who are engaged in similar business in the city of Raleigh, until and unless the governing body of the city of Raleigh "by resolution, agrees to this ordinance and regulation." The complaint has no allegation that the governing body of the city of Raleigh has by resolution agreed to this ordinance and regulation, and we do not take judicial notice of a municipal ordinance or resolution.

At the end of the case on appeal, which has been agreed upon by the parties, and which is not a part of the case on appeal, there appears a stipulation in another case, plaintiff here against the chief of police and governing body of the city of Raleigh, to the effect that the parties in that case will be bound by the decision of the Supreme Court in the instant case, "and the effectiveness of Resolution No. (1964)-252 adopted by the city council of the city of Raleigh on March 2, 1964, will be controlled by said decision." This stipulation was made by the same attorneys who appear for plaintiff here, and by Paul F. Smith for defendants, the chief of police and the governing body of the city of Raleigh, on 6 October 1964. Judge Bickett's final order in the instant case, from which plaintiff appeals, was rendered on 17 April 1964. At the end of this stipulation, there appears what purports to be Resolution No. (1964)-252 of the governing body of the city of Raleigh agreeing to a resolution adopted by the Board of County Commissioners of Wake County on 2 March 1964. Defendants here have not entered into this stipulation. According to our decisions, and the weight of authority in this country, on demurrer we will not take judicial notice of this purported resolution by the governing body of the city of Raleigh, which is not mentioned in the complaint here or in the case on appeal, and which appears in an extraneous stipulation forming no part of the case on appeal, and entered in another case, and

to which stipulation all the parties in the instant case have not appeared, and which was entered into more than five months after Judge Bickett rendered his final order from which plaintiff appeals.

Plaintiff's complaint is fatally defective, in that "the case as made by the complaint" does not show that plaintiff, engaged in business in the city of Raleigh, and those businesses like it engaged in similar business in the city of Raleigh, have been aggrieved by the resolution adopted by the Board of County Commissioners of Wake County, even if, contrary to our decisions and the weight of authority in this country, we take judicial notice of this county resolution which forms no part of the complaint. *James v. Denny,* 214 N.C. 470, 199 S.E. 617 (definition of aggrieved). "It is a firmly established principle of law that the constitutionality of a statute or ordinance may not be attacked by one whose rights are not, or are not about to be, adversely affected by the operation of the statute." 16 C.J.S., Constitutional Law, § 76. A legion of cases from a multitude of jurisdictions in this nation, including a number of ours, is cited to support this statement by C. J. S.

Judge Bickett correctly sustained the demurrer to the complaint, and dissolved the temporary injunction he had previously entered. His continuing the temporary injunction in full force and effect in the exercise of his discretion pursuant to G.S. 1-500 until the case is disposed of on appeal shall no longer be operative. However, Judge Bickett improperly dismissed the action upon demurrer, since plaintiff may move for leave to amend in accordance with G.S. 1-131. *Lumber Co. v. Pamlico County,* 250 N.C. 681, 110 S.E. 2d 278. The portion of Judge Bickett's order sustaining the demurrer and dissolving the temporary injunction is sustained, but the portion thereof dismissing the action is erroneous and should be stricken therefrom. The decision is without prejudice to plaintiff's right to move in the superior court for leave to amend its complaint pursuant to G.S. 1-131, if it so desires, so it can allege additional facts, and also allege facts, if it can, as to whether it has no adequate remedy at law so as to invoke the extraordinary power of a court of equity. *Walker v. Charlotte,* 262 N.C. 697, 138 S.E. 2d 501; *Smith v. Hauser,* 262 N.C. 735, 138 S.E. 2d 505. It is so ordered. As so modified, the order of Judge Bickett is affirmed.

Modified and affirmed.